# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EVAN CHRISTOPHER LEE,

                Defendant.

Case No. 24-CR-302-SEH

## Plea Agreement

The United States of America, by and through Clinton J. Johnson, United States Attorney for the Northern District of Oklahoma, and Ashley Robert, Assistant United States Attorney, and the defendant, EVAN CHRISTOPHER LEE, in person and through counsel, Scott Troy, respectfully inform the Court that they have reached the following plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(B).

### 1.    Plea

The defendant agrees to enter a voluntary plea of guilty to the following:

**COUNT ONE: 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) – Receipt and Distribution of Child Pornography**

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the count to which the defendant is pleading guilty.

Defendant's Initials

## 2.    Waiver of Constitutional Rights

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a. the right to be indicted if proceeding by Information;

b. the right to plead not guilty;

c. the right to be tried by a jury, or, with the consent of the government, to be tried by a judge;

d. the right to an attorney at trial, including a court-appointed attorney if the defendant could not afford an attorney;

e. the right to assist in the selection of the jury;

f. the right to be presumed innocent, and to have the jury instructed that the government bears the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g. the right to confront and cross-examine witnesses against the defendant;

h. the right to testify on their own behalf and present witnesses in their defense;

i. the right not to testify, and to have the jury instructed that the decision not to testify could not be used against the defendant;

j. the right to appeal a guilty verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

k. the right to have a jury determine beyond a reasonable doubt any facts that could increase any mandatory minimum or maximum sentence; and

l. any rights and defenses under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

2

Revised 05-21-24

Defendant's Initials

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that they may have to answer questions posed by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

## 3.     Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.   The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.   The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c.   The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation under 18 U.S.C. §§ 3583(e)(1) or 3564(c); and

d.   The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

3

Revised 05-21-24

_____
Defendant's Initials

EVAN CHRISTOPHER LEE

### 4.    Freedom of Information Act Waiver

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### 5.    Rule 11 Rights Waiver

The defendant knowingly and expressly waives all the rights afforded under Rule 11(f) of the Federal Rules of Criminal Procedure. Therefore, in any subsequent proceeding, including a criminal trial, the following shall be admissible against the defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence:

a. A guilty plea which is later withdrawn or that the defendant seeks to withdraw;

b. The facts that the defendant has admitted under this plea agreement, as well as any facts to which the defendant admits in open court at the plea hearing, and any statement made in any proceeding under Rule 11 regarding this plea agreement; and

c. Any statement made during plea discussions with an attorney or agent for the government, or that were made pursuant to a proffer letter agreement, that resulted in a plea of guilty that is later withdrawn.

Revised 05-21-24

Defendant's Initials

## 6.    Payment of Monetary Penalties

a. *Enforcement*

1) The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

2) The defendant understands and agrees that under 18 U.S.C. § 3613 any monetary penalties or restitution imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

3) The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court.

4) The defendant agrees that any unpaid obligations will be submitted to the United States Treasury for offset, so that any federal payment or transfer of returned property the defendant receives may be applied to federal debts and will not be limited by a payment schedule.

5) The defendant agrees that any restitution debt may not be discharged in any bankruptcy proceeding.

b. *Disclosure of Financial Information*

1) The defendant agrees to provide complete information regarding all victims potentially entitled to restitution.

2) The defendant agrees to provide truthful and complete financial information, as requested by the United States Probation Office for the preparation of the presentence report.

3) The defendant agrees to complete, under penalty of perjury, the required financial statement form not later than two weeks after the defendant enters a guilty plea. The defendant agrees to update any material changes in

Revised 05-21-24

Defendant's Initials

circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

4) The defendant agrees to submit, before and after sentencing, to depositions and interviews regarding the defendant's financial status, as deemed necessary by the United States Attorney's Office.

5) The defendant authorizes the United States Attorney's Office to obtain the defendant's credit report. The defendant also agrees to provide waivers, consents, or releases, valid for 120 days after sentencing, to allow the U.S. Attorney's Office to access records to verify financial information.

6) The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

7) The defendant's failure to timely and accurately complete and sign the financial statement, and any necessary updates, may, in addition to any other penalty or remedy, constitute a failure to accept responsibility under U.S.S.G § 3E1.1.

c. *Restitution for Certain Offenses in Chapters 109A, 110, 110A, 117*

The defendant acknowledges that restitution ordered by the Court under 18 U.S.C. §§ 2248, 2259, 2264, or 2429 is mandatory, and the amount of restitution ordered by the Court shall include defendant's total offense conduct. The defendant acknowledges that 18 U.S.C. § 2259 requires mandatory restitution of not less than $3,000 per victim.

7. **Forfeiture Agreement**

The defendant agrees to forfeit, pursuant to 18 U.S.C. § 2253, any property constituting or derived from proceeds traceable to the offenses, and any property,

Revised 05-21-24

Defendant's Initials

used or intended to be used, to commit or to promote the commission of such offenses:

ELECTRONICS

1.  An Apple iPad, Model A2602, with case, Serial Number KX0Q6H4GKY;

2.  A HP ProBook Laptop, with power cord, Serial Number 5CD3226FLD;

3.  A HP OMEN Obelisk Desktop PC, Serial Number 2M09223JN8;

4.  An Apple MacBook, Model A2338, Serial Number FUFG41H90KPF;

5.  An Apple iPhone, IMEI 353890101940630; and

6.  An Apple iPhone Pro 11, IMEI 353237105676861.

Defendant agrees to take all steps as requested by the forfeiting authority to pass clear title to forfeitable assets, including, but not limited to, the execution of a consent decree of forfeiture and the completion of any other legal documents required for the transfer of title.

Defendant agrees that the forfeited property is subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of this property by the United States. As such, defendant hereby relinquishes all claim, title, and interest in the above-referenced property to the United States and agrees not to oppose any civil, administrative, or judicial forfeiture of the property.

Defendant waives any and all interest in the above property and consents to their forfeiture by whatever process the government chooses. Defendant agrees that the government may use this waiver and consent in any administrative or judicial

7

Revised 05-21-24

Defendant's Initials

forfeiture proceeding, whether criminal or civil, state, local or federal. If defendant has filed a claim to the above-mentioned assets in any forfeiture process, defendant hereby agrees to withdraw it. Defendant further agrees not to file a claim to the above identified assets or properties in any future forfeiture proceeding of whatever type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of any of the seized property, defendant hereby abandons any interest in such property and consents to its destruction by, and/or abandonment to, the law enforcement agency.

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted. The defendant further understands, pursuant to Rule 32.2(b)(4)(A), that the order of forfeiture will become final as to the defendant upon entry. The defendant waives notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

Revised 05-21-24

8

Defendant's Initials

**8.    Special Assessment**

a. The defendant hereby agrees to pay the total Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk at or before sentencing or as otherwise directed by the District Court.

b. Based on the crime of conviction, the District Court may impose additional special monetary assessments under 18 U.S.C. § 3014 and/or 18 U.S.C. § 2259A. Any assessments imposed shall be paid to the United States District Court Clerk at or before sentencing or as otherwise directed by the District Court.

(1) If the District Court imposes those assessments, the defendant hereby agrees to pay a special monetary assessment of $5,000 per count under § 3014 and a special monetary assessment of $35,000.00 per count under § 2259A.

**9.    Factual Basis and Elements**

To convict defendant under 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), the government must prove the following elements beyond a reasonable doubt:

| | |
|---|---|
| **First:** | The Defendant knowingly received or distributed a visual depiction of sexually explicit conduct; |
| **Second:** | The visual depiction was received or distributed using any means or facility of interstate or foreign commerce; |
| **Third:** | The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct; |
| **Fourth:** | The visual depiction was of a minor engaging in sexually explicit conduct; |

Revised 05-21-24

_____
Defendant's Initials

**Fifth:**    The Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction showed the minor engaged in sexually explicit conduct; and

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, EVAN CHRISTOPHER LEE, admits to knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crime alleged in Count 1 in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crime.

I, EVAN CHRISTOPHER LEE, admit that from on or about July 27, 2024, to on or about September 4, 2024, in Tulsa, Oklahoma, I knowingly received and distributed image and video files containing visual depictions of minors engaged in sexually explicit conduct. I admit that the production of the visual depictions involved the use of a minor engaging in sexually explicit conduct and that the visual depictions were of minors engaged in sexually explicit conduct. Specifically, these images that I received and distributed showed young girls, under the age of 12, engaged in oral, anal, and vaginal sex. I further admit that I received and distributed these images using any means or facility of interstate or foreign commerce. Specifically, while using my desktop computer, I accessed the Internet and used a peer-to-peer file sharing network called BitTorrent to receive and distribute these images and video files of minors engaged in sexually explicit conduct.

_____      _____
EVAN CHRISTOPHER LEE             Date
Defendant

10

_____
Defendant's Initials

10.     **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government before the date of this agreement or occurring after the date of this agreement.

11.     **Dismissal of Remaining Counts**

If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, any charges that have been dismissed may be reinstated or re-presented to a grand jury, and the government will be free to prosecute the defendant for all charges. Under these circumstances, the defendant waives any right to argue that the Double Jeopardy clause bars the defendant's federal prosecution, as well as any objections, motions, or defenses based upon the applicable statute of limitations, the

Revised 05-21-24

Defendant's Initials

Speedy Trial Act, or constitutional restrictions as to the timeliness of any renewed charges.

## 12.    Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the government agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The government agrees to file a motion recommending that the Court grant an additional one-level reduction under U.S.S.G. § 3E1.1(b), if the defendant's Guidelines offense level qualifies him for such a reduction. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court will ultimately decide whether to apply any § 3E1.1 reduction for timely acceptance of responsibility.

Any agreement to recommend an acceptance-of-responsibility reduction is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant (1) falsely denies, or makes conflicting statements as to, his involvement in the crime to which he is pleading, (2) falsely denies or frivolously contests conduct that the Court determines to be relevant conduct as defined in USSG § 1B1.3, (3) willfully obstructs or attempts to obstruct or impede the administration of justice as defined in USSG § 3C1.1, (4) perpetrates or attempts to perpetrate crimes while awaiting sentencing, or (5) advances false or frivolous issues in mitigation, the government expressly reserves

12

Defendant's Initials

the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**13.    <u>Registration Under the Sex Offender Registration and Notification Act.</u>**

The defendant further understands, acknowledges, and agrees:

a.  The defendant is required to register as a sex offender and keep that registration current in all jurisdictions where the defendant (1) resides; (2) is an employee; and (3) is a student;

b.  The registration requirements include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student, among other information;

c.  The defendant must keep the registration current, which includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, within three business days after any change of name, residence, employment, or student status;

d.  If the defendant possesses a passport, it will be marked with a unique identifier identifying them as a convicted sex offender;

e.  If the defendant seeks to travel outside the United States, he must notify the jurisdiction of residence about the planned travel at least 21 days before that travel;

f.  Failure to comply with these obligations subjects the defendant to prosecution for failure to register under 18 U.S.C. § 2250; and

g.  By pleading guilty to certain sex offenses, the defendant may become ineligible for certain federal benefits.

**14.    <u>Sentence</u>**

a. *Imprisonment*

Revised 05-21-24

13

Defendant's Initials

The defendant acknowledges that under 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) the minimum mandatory statutory sentence is 5 years of imprisonment, the maximum statutory sentence is 20 years of imprisonment and a fine of not more than $250,000.

b. *Supervised Release*

Additionally, the defendant is aware, if imprisonment is imposed, that the Court must include as part of the sentence a requirement that after imprisonment the defendant be placed on a term of supervised release of at least 5 years and up to life. Violation of any condition of supervised release may result in revocation, or modification of the conditions, of supervised release, which may in turn result in additional incarceration consistent with 18 U.S.C. § 3583(e).

c. *Guidelines*

The defendant is aware that the Sentencing Guidelines are advisory. The Court, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.

The defendant is further aware that the Court determines the sentence, that the Court has not yet done so, and that any estimate of the sentence – received from any source – is a prediction, not a promise. Regardless of any estimate the defendant has received, the Court has discretion to impose any sentence up to and including the statutory maximum.

**15.**   **Stipulations**

14

Revised 05-21-24



Defendant's Initials

The defendant and the United States agree and stipulate that:

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the parties recommend that the appropriate sentence in this case is a sentence of no less than 60 months imprisonment and of no more than 124 months imprisonment.

The parties understand that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, as to questions of fact, determination of the correct advisory sentencing guideline calculation, or the sentencing recommendation of the parties, and that neither the defendant nor the United States has the right to withdraw from the plea agreement if the Court imposes a sentence inconsistent with the recommendation. The parties have considered various factors in fashioning this sentencing recommendation, including the defendant's military history, the defendant's medical history, and the defendant's acceptance of responsibility. For these reasons, a sentence of no less than 60 months imprisonment and of no more than 124 months of imprisonment meets the sentencing goals for this type of case and this defendant.

The above stipulations are contingent on the defendant not engaging in any additional criminal activity between defendant's change of plea and sentencing. Any additional criminal activity committed by the defendant during that time will constitute a breach of the plea agreement, will void the government's obligations under this paragraph to recommend any particular outcome in this case, and will not excuse the defendant from performing his obligations under this agreement.

15

Revised 05-21-24

Defendant's Initials

Having been fully apprised by defense counsel of the right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

### 16.   Limitations

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

### 17.   Breach of Agreement

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. The Court shall determine whether a party has completely fulfilled all its obligations under this agreement in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall

16

Defendant's Initials

be required to establish any breach by a preponderance of the evidence. If the Court determines that the defendant has breached the plea agreement, the government may declare this agreement null and void, and the defendant will be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or relating to the charges in this case, as well as false statement, obstruction of justice, or any other crime committed by the defendant during this prosecution.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save and except if the Court determines that the government has breached the plea agreement as set forth above. If EVAN CHRISTOPHER LEE, after entry of a plea of guilty, unsuccessfully attempts to withdraw that guilty plea, the government may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement, unless the Court determines that the government acted in bad faith to bring about the attempted plea withdrawal.

## 18. Conclusion

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as it does in every case, even if there are no additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

17

Revised 05-21-24

_____
Defendant's Initials

SO AGREED:

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

_____    8/26/25
ASHLEY ROBERT                       Dated
Assistant United States Attorney

_____    8-25-25
SCOTT TROY                          Dated
Attorney for Defendant

_____    8/25/25
EVAN CHRISTOPHER LEE                Dated
Defendant

18

Revised 05-21-24

_____
Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____    8/25/25
EVAN CHRISTOPHER LEE,              Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____    8/25/25
SCOTT TROY                        Dated
Counsel for the Defendant

19

Revised 05-21-24

_____
Defendant's Initials